**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

LISA SCOTT,

        Plaintiff,

        v.

RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, et al.,

        Defendants.

Civil Action No. 19-18794 (MAS) (ZNQ)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Lisa Scott's ("Plaintiff") Motion to Remand. (ECF No. 7.) Defendants Rutgers, the State University of New Jersey ("Rutgers"), Courtney McAnuff, Kelly Sokolowski, and Kenneth Iuso (collectively, "Defendants") opposed. (ECF No. 9.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

On March 1, 2019, Plaintiff initiated this race and gender discrimination action against Defendants in the Superior Court of New Jersey. (Compl., Ex. A to Sponzilli Cert., ECF No. 9-1 at *3–15.[1]) On July 22, 2019, Plaintiff filed an Amended Complaint. On October 8, 2019, Iuso removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a), 1446(b). (Notice of Removal ¶¶ 2, 4, ECF No. 1; *see also* Am. Compl., Ex. A to Notice of Removal, ECF No. 1 at *5–19.) On October 18, 2019, Plaintiff moved to remand the action back to state court. (Pl.'s Moving Br., ECF No. 7.)

---

[1] Pages preceded by an asterisk refer to page numbers of the ECF header.

A civil action brought in state court may be removed by the defendant to the federal district court in the district where such action is pending, if the district court would have original jurisdiction over the matter. § 1441(a); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8 (1983). Where the parties are not diverse, removal is appropriate only if the case falls within the district court's original "federal question" jurisdiction: "all civil actions arising under the Constitution, laws, or treaties of the United States." §§ 1331, 1441(b); *Franchise Tax Bd.*, 463 U.S. at 8.

The question of removal jurisdiction is determined by reference to the well-pleaded complaint rule. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation omitted). "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013).[2] The Supreme Court has "long construed the statutory grant of federal-question jurisdiction as conferring a more limited power." *Merrell Dow*, 478 U.S. at 807.

On a motion to remand, the removing party has the burden of establishing the propriety of removal. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991). "Removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand." *Id.* at 111 (internal quotation marks and citation omitted).

---

[2] In another "small and special category of cases," "federal jurisdiction over a state[-]law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. Defendants do not argue that Plaintiff's state-law claims fall under this category of cases.

Defendants argue that the "Court has federal question jurisdiction [under § 1331] because [P]laintiff alleges [that D]efendants violated her 'civil rights and other federal and state Constitutional guarantees.'" (Defs.' Opp'n Br. 5–6, ECF No. 9 (citing Am. Compl. ¶¶ 4–7).) Defendants further argue that "[P]laintiff's express allegations make *clear* that [P]laintiff seeks to vindicate her rights under federal law, as well as under state law." (*Id.* (emphasis added).)

It is not "clear," however, that Plaintiff seeks relief under federal law. The Amended Complaint only alleges state-law claims: Deprivation of Constitutional Rights under the New Jersey Constitution; Discrimination under the New Jersey Law Against Discrimination ("NJLAD"); N.J. Stat. Ann. §§ 10:5-1, *et seq.*; Retaliation under NJLAD; and Wrongful Termination. (Am. Compl. ¶¶ 30–59.) No federal statute or Constitutional amendment is identified. Although Plaintiff alleges that Defendants violated her federal constitutional guarantees, Plaintiff does not bring any federal cause of action. Indeed, as the master of her claims, Plaintiff has emphasized that she does not bring any federal claims against Defendants. (*See* Pl.'s Moving Br. 10, ECF No. 7.)[3] Defendants, therefore, have failed to meet their burden to show that Plaintiff's case arises under federal law.

For these reasons and for good cause shown,

**IT IS** on this 27th day of May 2020 **ORDERED** that:

1. Plaintiff's Motion to Remand (ECF No. 7) is **GRANTED**.

2. This case is **REMANDED** to New Jersey Superior Court, Middlesex County.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[3] After filing the present motion to remand, Plaintiff moved to amend the complaint to eliminate any mention of the word "federal" and further requested that the Court remand her claims to state court. (*See* Pl.'s Mot. Amend 17–19, ECF No. 10.)

3